242 F.2d 748
 57-1 USTC P 9539
 COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Joseph C. LINCOLN and Lesghinka Lincoln, Respondents.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
Lillian C. LINCOLN, Respondent.
COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
John C. LINCOLN and Helen C. Lincoln, Respondents.
 Nos. 12935-12937.
 United States Court of Appeals Sixth Circuit.
 March 1, 1957.
 
 Charles K. Rice, John Potts Barnes, Lee A. Jackson, John N. Stull, Robert N. Anderson, Stanley P. Wagman, Harry Baum and Elmer J. Kelsey, Washington, D.C., for petitioner.
 Raymond T. Jackson and Charles D. Leist, Cleveland, Ohio, for respondent.
 Before ALLEN, McALLISTER and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 The issue in these cases is whether certain transfers of stock made in connection with the financial rehabilitation of a Florida hotel corporation were sales made indirectly between members of a family within the meaning of section 24(b)(1)(A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 24(b)(1) (A), so as to preclude deduction of losses from the sales.
 
 
 2
 The Tax Court concluded that the principles announced in McWilliams v. Commissioner, 331 U.S. 694, 67 S.Ct. 1477, 91 L.Ed. 1750 were inapplicable to the facts of this case, and that '* * * there were no sales, directly or indirectly, by any member of the Lincoln family to David Lincoln.' 24 T.C. 669, 699. We agree with the Tax Court's findings and conclusions for the reasons stated in Judge Harron's opinion.
 
 
 3
 The decisions of the Tax Court are therefore affirmed.